UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL L. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-5-RLW |
| ) | |
| CINDY GRIFFITH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Michael L. Mitchell, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

1

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $8.50, and an average monthly balance of $4.99. The Court will therefore assess an initial partial filing fee of $1.70, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against eight defendants, all of whom are Missouri Department of Corrections ("MODOC") employees. The defendants are: Cindy Griffith (the Deputy Division Director of the Division of Adult Institutions), Unknown Witte (Acting Warden), Tim Woods (Function Unit Manager), and corrections officers Michelle Thompson, Amber Stubenrauch, Ronald Crum, Jonathan Lewis, and S. Daniels. Plaintiff sues the defendants in their official and individual capacities.

Plaintiff describes his claim as: "MDOC Agents listed denied me 'Due Process' of law, by a finding of guilt for violation of having a intoxicating substance in possession where the substance was in fact 'Kinikinik,' a Native American prayer blend." (Docket No. 1 at 5). In support of his claim, plaintiff alleges as follows. In April of 2018, defendant Daniels searched plaintiff's cell and found a substance plaintiff states was "Kinikinik." *Id.* Plaintiff does not

3

allege that Daniels performed the search for any wrongful purpose. An investigator conducted field testing, and determined the substance was a synthetic cannabinoid. As a result, plaintiff was charged with "11.1, which is 'Possession of Intoxicating Substance.'" *Id.* at 6. Defendant Lewis read the violation to plaintiff. The substance was not sent to an authorized toxicology laboratory for confirmation, even though MODOC policy provides that offenders will not be found guilty of a conduct violation until a positive result is received from a toxicology laboratory. Plaintiff states he was "teamed on violation" by defendants Woods and Crum. *Id.* Plaintiff was sanctioned with 30 days in disciplinary segregation, and his visiting privileges were restricted for six months. Plaintiff does not describe the conditions under which he was held during that 30-day period, nor does he describe the visitation restriction or how it affected him.

Following his release from disciplinary segregation, plaintiff filed an Informal Resolution Request ("IRR"), a Grievance, and a Grievance Appeal. Therein, plaintiff complained that MODOC refused to send the substance to the toxicology laboratory, and refused to remove the conduct violation from his record. His IRR was denied by defendants Stubenrauch, Thompson, and another person who plaintiff believes was the Function Unit Manager. His Grievance was denied by defendant Witte, and his appeal was denied by defendant Griffith. Plaintiff alleges that "all of the individuals that signed off on all of the grievance procedure knowingly violated my rights of Due Process by not sending substance to a toxicology laboratory to have substance tested." *Id.*

With the complaint, plaintiff filed eleven pages of written material, including Daniels's April 15, 2018 Conduct Violation Report. This report documents that Daniels searched plaintiff's cell on April 8, 2018 and recovered a lighter, two items of clothing made from a state

4

blanket, and a green leafy substance that plaintiff identified as sage. The substance was placed in an evidence bag and then placed in the evidence box for the investigator. The substance tested positive for synthetic cannabinoid. Plaintiff was charged with possession/use of an intoxicating substance, possessing contraband, and destroying property. (Docket No. 1, attch. 2, p. 1).

Plaintiff also submitted a copy of a Disciplinary Action Report showing that he had a disciplinary hearing on April 26, 2018. Plaintiff was represented by offender counsel, he expressed his understanding of his rights, and he did not request any witnesses. Daniels's report was introduced as evidence that the substance tested positive for synthetic cannabinoid. Plaintiff stated that the substance was Kinikinik that he got from a catalog. Plaintiff was found guilty based on the evidence presented, and given the sanctions described above. *Id.* at 2. Plaintiff also provided copies of documents related to his use of the grievance process, and MODOC policy. The Court considers these documents as part of the complaint. *See* Fed. R. Civ. P. 10(c).

As relief, plaintiff asks the Court to dismiss and expunge the violation, reprimand the staff involved in the grievance process, discontinue use of the current field test kit, and "make DOC write new protocol and follow through with policy." (Docket No. 1 at 7). He also seeks damages in the amount of $1,500.

**Discussion**

Prisoners may claim the protections of the Due Process Clause, and may not be deprived of life, liberty, or property without due process of law. *Haines v. Kerner,* 404 U.S. 519 (1972). However, a procedural due process claim "is cognizable only if there is a recognized liberty or property interest at stake," and courts "need reach the question of what process is due only if the

inmates establish a constitutionally protected liberty interest." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (internal citations omitted).

The Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Phillips v. Norris*, 320 F.3d 844, 846-47 (8th Cir. 2003). Therefore, in the case at bar, this Court needs reach the question of what process was due only if plaintiff's allegations demonstrate that his placement in disciplinary segregation and/or his temporary visitation restriction created an atypical and significant hardship under *Sandin*. *See Beaulieu*, 690 F.3d at 1047.

Regarding his placement in disciplinary segregation, plaintiff alleges only that the duration was 30 days. He alleges no facts tending to show the conditions of that confinement imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Placement in disciplinary segregation does not, in and of itself, amount to an atypical and significant hardship. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (recognizing that the Eighth Circuit has consistently held that disciplinary segregation is not an atypical and significant hardship under *Sandin*). Also, plaintiff cannot demonstrate that 30 days in disciplinary segregation was unduly long. *See Kennedy v. Blankenship*, 100 F.3d 640, 641-42 (8th Cir. 1996) (30 days in punitive isolation was not atypical and significant); *Orr v. Larkins*, 610 F.3d 1032, 1033-34 (8th Cir. 2010) (nine months in disciplinary segregation was not atypical and significant). Plaintiff also alleges that his visiting privileges were temporarily restricted. However, he neither describes the restriction, nor alleges facts permitting the conclusion that it

6

imposed an atypical and significant hardship under *Sandin*. Because plaintiff cannot demonstrate that his 30-day placement in disciplinary segregation or his temporary visitation restriction curtailed his protected liberty interest, he fails to state a cognizable due process claim. *See Beaulieu*, 690 F.3d at 1047 (a due process claim is cognizable only if the plaintiff identifies a constitutionally-protected liberty or property interest).

Even if it could be said that plaintiff had established a constitutionally-protected liberty interest, he would fail to state a claim for relief because his complaint shows he received due process. "Due process is flexible and calls for such procedural protections as the particular situation demands," but its fundamental requirement is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333-34 (1976) (internal quotations and alteration omitted). The Supreme Court has held that, in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the prison disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). This standard does not require this Court to examine the entire record, independently assess witness credibility, or weigh evidence. *Id.* (citations omitted). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 445-56 (citing *United States ex rel. Tisi v. Tod*, 264 U.S. 131, 133–34 (1924) and *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974)).

Here, the complaint shows that plaintiff had a hearing during which he was given notice of the charge against him, he was represented by offender counsel, he expressed his understanding of his rights, and he declined to call witnesses. Daniels's report was introduced as evidence, and established, *inter alia*, that the confiscated substance tested positive for synthetic

cannabinoid. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) (A corrections officer's description of events has been found to constitute some evidence upon which a prison disciplinary committee could determine that an inmate violated a prison rule). Plaintiff's complaint also shows that, after the hearing, prison officials considered and rejected the IRR, Grievance and Grievance Appeal he filed to contest the determination and punishment. Plaintiff obviously believes the outcome of the hearing was in error. However, his disagreement with the outcome or his belief that the defendants should have obtained additional testing does not mean his constitutional right to due process was infringed. Because the prison's disciplinary decision was factually supported by "some evidence," this Court could not conclude that there was a due process violation. *See Hill,* 472 U.S. at 455-56.

Plaintiff repeatedly asserts that the defendants are liable to him because they failed to send the substance to a toxicology laboratory for testing, as required by a MODOC policy. However, plaintiff's assertion that any defendant violated prison policy or even state law does not, without more, state a claim of constitutional dimension. *Kennedy,* 100 F.3d at 643 (there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison policies). To the extent plaintiff proceeds on the theory that any defendant is liable to him because he or she held an administrative or supervisory position, such allegations do not state a cognizable claim. *See Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases).

Plaintiff can also be understood to proceed against Griffith, Witte, Thompson, and Stubenrauch because they were involved in his IRR, Grievance, and/or Grievance Appeal. To the extent plaintiff can be understood to proceed against these defendants or any other defendant

8

on such basis, or to otherwise challenge the outcome of his IRR, Grievance, or Grievance Appeal or the manner in which they were handled, such allegations do not state a claim of constitutional dimension. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (the grievance procedure is procedural right only and does not confer substantive right on inmate).

Additionally, plaintiff's allegation that Lewis read the violation to him does not describe any wrongdoing, and his statements that Daniels performed a general search of his cell and filed a violation report against him are not actionable under § 1983. The mere search of an inmate's cell, without more, is not a constitutional violation, *Hudson v. Palmer*, 468 U.S. 517, 529-30 (1984), and it is well settled that a charging officer's mere filing of a disciplinary report does not give rise to a § 1983 cause of action. *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983). Finally, to the extent plaintiff can be understood to seek review of his disciplinary conviction and the punishment assessed against him, he fails to state a viable claim for relief. Federal courts do not sit in appellate review over state prison disciplinary decisions. *Goff v. Dailey*, 991 F.2d 1437, 1440 n 5 (8th Cir. 1993). They can only decide whether an inmate's due process rights were violated. *Id.* As discussed above, plaintiff's complaint fails to state a cognizable due process claim.

For all of the foregoing reasons, this case will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of March, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE